# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                          Civil Action 2:19-cv-3701
                                               Chief Judge Algenon L. Marbley
                                               Magistrate Judge Jolson

**THIRTY-FIVE THOUSAND THIRTY**
**AND 00/100 DOLLARS ($35,030.00) IN**
**UNITED STATES CURRENCY, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Claimant Norman Peterson's Motion to Stay Proceedings. (Doc. 21). For the reasons that follow, Claimant's Motion is **DENIED without prejudice**. Claimant may submit a renewed Motion consistent with this Opinion and Order within fourteen (14) days of the date of this Opinion and Order.

### I.     BACKGROUND

On July 19, 2018, Magistrate Judge Deavers issued a warrant to search Claimant's residence in Reynoldsburg, Ohio. (2:18-mj-536, Doc. 1). The next day, federal agents seized six pieces of jewelry from a front room, $10,708 from the master bedroom, $35,030 from the kitchen, and two firearms. (*Id.*, Doc. 3). Agents also arrested Claimant during the search, and he was later indicted as a felon-in-possession. (2:18-cr-146, Doc. 3). Magistrate Judge Deavers ordered that he be detained, (*id.*, Doc. 15), and Chief Judge Marbley, following a guilty plea, sentenced him to a 36-month prison term, (*id.*, Doc. 56). Claimant remained in the local custody of the Marshal until he was transferred to the Bureau of Prisons ("BOP") in August 2019. (Doc. 21).

The United States, on August 26, 2019, filed a Complaint for Forfeiture, seeking the civil forfeiture of the property seized from Claimant's residence. (Doc. 1). On May 14, 2020, Claimant moved to suppress the evidence seized from his residence. (Doc. 19). The government now seeks to depose ten witnesses, and Claimant, who is currently incarcerated at The Federal Correctional Institution in Bruceton Mills, West Virginia, asserts he will not be able to attend these depositions in person with his attorney. (Doc. 21 at 3). So he asks the Court to stay these proceedings until the date of his release, which is currently set for April 2, 2021. (*Id.*). This matter is fully briefed and ripe for resolution.

### II. STANDARD

A court shall stay a civil forfeiture proceeding if it determines that:

1) the claimant is subject of a related criminal investigation or case, 2) the claimant has standing to assert a claim in the civil forfeiture proceeding, and 3) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

*U.S. v. Contents of Nationwide Life Ins. Annuity Account No. 0961 in the name of Warshak*, No. 1:05-CV-00196, 2008 WL 4758701, at *1 (S.D. Ohio Oct. 30, 2008) (citing 18 U.S.C. § 982(g)(2)). The claimant bears the burden to make this showing. *See Warshak*, 2008 WL 4758701, at *1.

### III. DISCUSSION

The United States asserts that Claimant has failed to meet his burden to justify a stay of these proceedings. The Court agrees. As noted, Claimant bears the burden to satisfy the above-described statutory requirements. *See Warshak*, 2008 WL 4758701, at *1. Yet Claimant does not even cite the governing standard, let alone, show that he satisfies its requirements. Rather, his only basis for a stay is that he is unable to physically attend the upcoming depositions. (*See generally* Doc. 21).

Without more, the Court has "no basis to make the determination that [he] meet[s] any of the requirements of Section 982." *Warshak*, 2008 WL 4758701, at *1 (denying claimant's motion to stay civil forfeiture proceedings). Indeed, Claimant failed to file a reply brief responding to the Government's argument that he failed to meet his burden. Claimant's Motion (Doc. 21) is **DENIED without prejudice** as a result. Claimant may, within fourteen (14) days of the date of this Order, file a revised Motion to Stay, explaining why a stay is appropriate under 18 U.S.C. § 982(g)(2).

Regarding ongoing discovery and depositions, the Government states that Claimant has failed to respond to outstanding interrogatories and requests for production. (Doc. 22 at 3). As it stands, these proceedings are not stayed, and Claimant must engage in discovery in good faith. Concerning the upcoming depositions, the Government represents that Claimant's institution has video capabilities, and Claimant could participate remotely. The Court notes that, given the ongoing COVID-19 pandemic, remote proceedings have become standard practice in both criminal and civil proceedings nationwide. Accordingly, the parties are **ORDERED** to meet and confer and to work with Claimant's institution to arrange for Claimant to attend the depositions virtually.

### IV. CONCLUSION

For the foregoing reasons, Claimant's Motion (Doc. 21) is **DENIED without prejudice**. Claimant may, within fourteen (14) days of the date of this Order, file a revised Motion to Stay, explaining why a stay is appropriate under 18 U.S.C. § 982(g)(2).

IT IS SO ORDERED.

Date:  November 13, 2020  /s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE